IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MANETIRONY CLERVRAIN,<br><br>Plaintiff/Petitioner,<br><br>vs.<br><br>TIM FOX,<br><br>Defendant/Respondent. | Cause No. CV 20-189-BLG-SPW<br><br>ORDER |

On December 28, 2020, Plaintiff Clervrain moved to proceed in forma pauperis with an action alleging he is being detained illegally and in unlawful conditions. United States Magistrate Judge Timothy J. Cavan reserved ruling on the motion to proceed in forma pauperis. He also required Clervrain, an immigration detainee in Okmulgee, Oklahoma, to explain why he named Tim Fox as a defendant or respondent and why he filed in the District of Montana. *See* Order (Doc. 3). Clervrain did not respond to the Order.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (applying *Pagtalunan*).

The first factor favors dismissal, and the fifth counsels against it. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990); *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). No special considerations suggest these factors should be viewed differently in this case. The Court will consider factors two, three, and four.

*Docket Management.* Clervrain's pleading is incomprehensible and provides no indication why he filed in the District of Montana. To complete the preliminary review applicable to cases litigated in forma pauperis, *see* 28 U.S.C. § 1915(e)(2), the Court would have to obtain clarification of the claims and identity of the defendants Clervrain identifies only as "et al." Clervrain was given an opportunity to explain his position and failed to respond. Other litigants attempt in good faith to comply with court orders. This case takes time away from those

cases, and an action cannot proceed without a plaintiff/petitioner. The second factor, concerning docket management, supports dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990).

*Prejudice.* Clervrain's pleading suggests no non-random reason why he named Tim Fox. Randomly naming defendants or respondents is abusive. Fox would be prejudiced by continuation of this case. As to the unidentified defendants, they are not aware of any need to preserve evidence or maintain contact with witnesses. The third factor weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

*Alternatives.* No viable alternatives to dismissal appear. The Court has already provided Clervrain an opportunity to amend. He failed to respond. This factor weighs in favor of dismissal.

Courts exist to resolve disputes on their merits, provided they have jurisdiction to do so. But Clervrain abandoned the action. The balance of the *Pagtalunan* factors support dismissal.

Accordingly, IT IS ORDERED:

1. Clervrain's motion to proceed in forma pauperis (Doc. 1) is DENIED.

2. This case is DISMISSED for failure to prosecute.

3. The clerk shall enter, by separate document, a judgment of dismissal for

failure to prosecute.

DATED this 28th day of April, 2021.

_____
Susan P. Watters
United States District Court